### BROOKS SAYRE vs. ISAAC SAYRE.

1. Where the subject matter of the trust is in controversy, all the trustees must be made parties.

2. The mere fact that the title to trust property is deposited in trustees, will not deprive the grantor of his control over it, if his rights are not limited, or in some way qualified, by the deed.

*Mr. Ranney,* for complainant.

*Mr. A. O. Zabriskie,* for defendant.

BEASLEY, C. J., sitting as Master.

This bill, which is in the ordinary form, seeks the foreclosure of a mortgage. Isaac Sayre, who is the mortgagor, and the sole defendant, by way of plea, sets up the following facts as a defence, viz. that after the execution of the bond and mortgage in question, the complainant, by his deed, and in consideration of one dollar and other lawful considerations, " and to the end that the estate of the said Brooks Sayre might be taken care of and husbanded, so as to prevent the waste and destruction thereof," sold and conveyed all

his estate, both real and personal, to the defendant and one Brooks Sayre, jun., and the survivor of them, in trust for the use and benefit of the said complainant, for and during his natural life, and at his death " the said indenture to be void, and the estate, real and personal, to revert to the heirs of the said" complainant. The plea further alleges, that by the same deed, the complainant constituted the defendant and the said Brooks Sayre, jun., his attorneys, " to take the same charge and management of all his business affairs, as he, the said Brooks Sayre, could lawfully do, if acting therein." There was also an averment that the bond and mortgage were a part of the estate of the complainant which was embraced in this conveyance.

I think this plea should be sustained. From the averments which it contains, it appears that the suit is defective for want of a necessary party. Brooks Sayre, jun., has an interest in the moneys in question, which cannot be divested by a decree in his absence.

The substantial case is this. The bond and mortgage of the defendant, given to, and held by the complainant, were transferred by him, upon certain trusts, to the defendant and to Brooks Sayre, jun. It is not pretended that, by this act, the debt was extinguished by way of merger or otherwise ; but it is admitted that the title to the bond and mortgage was transferred to the two trustees, and that it now resides in them. On the part of the defendant, it is insisted, that by the creation of this trust, the complainant lost all control over these moneys, and that they must devolve according to the limitations of the settlement. This position is controverted by the complainant. Now, it is obvious, this is a question in which both trustees are interested, and upon which they have a right to be heard. The suit, therefore, is defective from the omission of Brooks Sayre, jun., as a party, and on this account the plea must be sustained.

To avoid misconstruction, it is proper that I should say that no opinion is intended to be intimated on the merits of the case. Whether the deed of trust described in the plea,

while it transfers the legal title of the property, both real and personal, to the trustees, does not leave the entire equitable interest, including the *jus disponendi*, in the complainant, is a question which, it seems to me, may admit of serious argument. If the rights of the settler over the trust estate are not limited, or in some way qualified in the deed, the mere fact that the title to such property is deposited in the trustees, will not deprive him of his control over it. Under such a disposition, he would undoubtedly have full authority to dispose of it at his pleasure, and consequently in a suit in this court, he could call it out of the hands of the trustees. In this aspect, it would present the case of a simple trust; that is, a naked investiture of the title in the trustees for the benefit of the settler. There does not appear to be any express limitation on the right of the complainant, as the equitable owner, contained in the deed, and if such right is restricted, it must be by force of implications, to be raised up by construction. But as this point was not discussed before me, and as its consideration would seem to be inopportune, in the absence of a party who is interested, I shall refrain from all expression of opinion on the subject.

On the ground first above laid down, I shall advise his honor, the Chancellor, to sustain the plea, with costs, giving to the complainant the privilege to amend his bill, if he shall be so advised.